No. 440

First Circuit

HOOKER v. FULLER

(May 7, 1929. Opinion and Decree.)
(June 28, 1929. Rehearing Refused.)

F. E. Powell, of DeRidder, attorney for plaintiff, appellee.

Ped C. Kay, of DeRidder, attorney for defendant, appellant.

LECHE, J. Plaintiff sues for five hundred dollars, alleged to represent the balance due by defendant on the price of an automobile. She alleges that she sold a Willys Knight sedan to defendant in consideration of eighteen hundred and twenty-five dollars, that defendant turned over to her, his secondhand car at an agreed value of eight hundred and twenty-five dollars, paid her five hundred dollars cash and still owes her a balance of five hundred dollars for the recovery of which amount she presently sues.

Defendant's answer denies the claimed indebtedness, denies the sale, denies payment of any part of the purchase price and denies turning over to plaintiff his secondhand car at a trade-in value of eight hundred and twenty-five dollars.

If the evidence in the case had been confined to the issues presented by the pleadings, the controverted facts would have been easy of ascertainment, but much testimony was admitted without objection, and the issues presented in the trial of the case have been broadened and enlarged, and really present a charge of fraud and deception on the part of the salesman and agent of plaintiff in the sale of the automobile.

The defense in substance, as presented by testimony admitted without objection and as presented in argument, is that defendant had had some prior conversation with Greer, sales agent of plaintiff; that Greer came to defendant's home or place of business and told defendant that he had brought him the kind of automobile which defendant wished to buy. Defendant accepted the automobile, turned over to Greer, his secondhand car at an agreed price of $825, and paid Greer $500 cash. This took place late in the afternoon. It does not appear why defendant held back $500, the balance on the price of the automobile which was concededly sold for $1825.

The next morning, defendant after more carefully examining the car which had been brought to him by Greer, saw unmistakable evidence that the car was not new and that it was a used car. Defendant then telephoned Greer, who returned within a day or two and called his attention to the fact that the car was secondhand and not new. After some discussion, defendant finally agreed to pay the balance due of $500 and issued his check for that amount, but with the distinct understanding and agreement on the part of Greer that the latter would at once bring defendant a new car and take back the one which he had already delivered to defendant. Greer pleaded with defendant that his principal had just received a carload of new automobiles, that she needed this balance of $500 to obtain delivery of the new cars from the railroad company, and that he would at once make the exchange. This accounts for the reason why defendant, under these circumstances issued his check to plaintiff for the balance of the purchase price of the automobile.

Thereafter plaintiff communicated by telephone with defendant, the parties not agreeing as to the subject and purport of that conversation, but it is not denied that Greer then disappeared from the scene' of action. Defendant realizing that Greer was not carrying out his promise to exchange the car already delivered to him for a new one said to have been received by plaintiff, stopped payment of his check and instructed his bank not to honor the same.

Such are the facts, apparently uncontradicted as they appear from the record. Evidently plaintiff was as much deceived as defendant, in this transaction, for there is not a breath of suspicion as to the motives, conduct and actions óf the plaintiff herself. But unfortunately for her, Greer was her agent and she is bound by his promises and representations thus made to an innocent purchaser.

The defense is in the nature of a plea of want and failure of consideration and we believe plaintiff's demand should be rejected.

For these reasons the judgment appealed from is avoided and reversed and plaintiff's demand is rejected at her costs in both courts.

ON APPLICATION FOR REHEARING.

PER CURIAM. The opinion and decree in this case, heretofore rendered on May 7, 1929, simply holds that the promises upon which defendant issued his check for five hundred dollars, were not fulfilled and that defendant was justified in stopping payment of the check. In substance, we held that the obligation sued upon, had become extinguished by failure of consideration.

We decided nothing beyond that, and we see no reason to change or alter the conclusion thus announced, and which we still believe is in accordance with the pleadings as enlarged by the admission of testimony.